IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBIE TORRY,

                Plaintiff,                                OPINION AND ORDER

    v.

                                                            11-cv-748-wmc

SEAN SALTER,

                Defendant.

In this 42 U.S.C. § 1983 action, an inmate alleges that a correctional officer who oversees segregation units at Columbia Correctional Institution ("CCI"), defendant Seal Salter, violated his due process rights by presiding over a disciplinary hearing despite having been involved in the underlying incident that led to the conduct report. Pending before the court is Salter's motion to dismiss plaintiff Bobbie Torry's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies or for failure to state a claim for relief. (Dkt. #17.) Because Torry failed to exhaust his administrative remedies, the court will grant the motion and dismiss this action.

ALLEGATIONS OF FACT[1]

I. The Parties

Plaintiff Bobbie Torry is an inmate currently, and for all times relevant to the complaint, confined at Columbia Correctional Institution. Defendant Sean Salter was the Administrative Captain at CCI for all times relevant to the complaint.

II. The Underlying Incident

On March 6, 2006, Officer Morrison issued a conduct report to Torry for disobeying orders, disruptive conduct and disrespect. Defendant Torry ordered the conduct report to move forward, recommending to Janel Nickel, the security director, that it proceed as a "major offense."

On March 27, 2006, a disciplinary hearing was held on the conduct report, at which Salter acted as the disciplinary hearing officer. CCI's disciplinary committee found Torry guilty of disobeying the order to move cells, but found him not guilty of the more serious charge of disruptive conduct and disrespect. The committee sentenced Torry to 180 days of segregation as a punishment.

III. The 2010 Lawsuit

In 2010, Torry filed a lawsuit in this court against Salter and two other CCI officials. *Torry v. Salter*, No. 10-cv-378-slc (W.D. Wis. July 9, 2010) ("*Torry I*").[2] In that

---

[1] For the purposes of this motion, the court will construe all of plaintiffs' factual allegations as true and draw all reasonable inferences in their favor. Fed. R. Civ. P. 12(b)(6); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

lawsuit, Torry alleged the same facts and same violation at issue here. (No. 10-cv-378 Compl. (dkt. #1) ¶¶ 1-5 (alleging Salter violated his due process rights with regard to March 6, 2006, conduct report and March 27, 2006, disciplinary hearing).) At summary judgment, Magistrate Judge Crocker granted summary judgment to Salter because Torry failed to exhaust his administrative remedies and dismissed the lawsuit without prejudice. (No. 10-cv-378 June 28, 2011 Op. & Order (dkt. #29).)

### IV. 2011 Administrative Complaints

Following this court's dismissal, plaintiff submitted an offender complaint, signed May 30, 2011, in which he references the No. 10-cv-378 action, as well as describes the allegations at issue in *Torry I* and the present lawsuit. (Compl., App. (dkt. #1-2) pp.14-15.)[3] On July 5, 2011, the Inmate Complaint Examiner ("ICE") acknowledged receipt of and then rejected Torry's administrative complaint, having "reviewed . . . the two documents . . . Torry submitted and . . . not find[ing] that the court ordered Inmate Torry to 're-exhaust' his administrative remedies, rather ICE found that the courts informed Inmate his case was dismissed as inmate Torry did not exhaust his

---

[2] The court takes judicial notice of this earlier action. *See Virnich v. Vorwald*, 664 F.3d 206, 209 (7th Cir. 2011) (explaining that courts may take judicial notice of other state court proceedings (citing Fed. R. Evid. 201(b)); *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 (7th Cir. 2008) ("A court may 'take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies[.]'" (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998))).

[3] Torry attached two offender complaints, the ICE rejections, and the Warden's decisions, which also rejected his complaints. (*See* Compl., App. (dkt. #1-2).)

3

administrative remedies." (*Id.* at pp.16-17.) "Previously addressed" is identified on the form as a "rejection code." (*Id.*) Torry appealed the ICE's decision to the Warden on August 9, 2011. (*Id.* at p.19.) In a decision dated August 11, 2011, Warden Meisner found that the complaint was appropriately rejected. (*Id.* at p.20.)

Following this rejection, Torry attempted to restart the administrative process a second time with a new offender complaint, once again stating that he was "reexhausting his administrative remedies" citing Judge Crocker's decision granting defendant summary judgment. (*Id.* at p.7.) This second offender complaint contains the same allegations as the original, May 2011 offender complaint, the *Torry I* complaint, and the complaint in the present lawsuit. (*Id.* at pp.7-8.) On September 2, 2011, ICE acknowledged Torry's complaint. (*Id.* at p.9.) On September 30, 2011, ICE rejected it. (*Id.* at p.10.) The rejection notification provides: "Inmate submits a complaint attempting to Re-exhaust his Administrative Remedies in reference to CCI-2006-13915. The issue raised in this complaint has been addressed through the inmate's prior use of the ICRS." (*Id.* at p.11.) As with the original rejection, "[p]reviously addressed" is identified on the form as a "rejection code." (*Id.*)

On October 9, 2011, Torry submitted a "request for review of rejected complaint" to CCI's warden. (*Id.* at p.12.) Warden Meisner again found that "[t]his complaint was appropriately rejected by ICE in accordance with DOC 310.11(5)." (*Id.* at p.13.)

4

OPINION

The PLRA states that no civil action "shall be brought with respect to prison conditions" in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has emphasized repeatedly that § 1997e(a) mandates exhaustion of all administrative procedures *before* an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Supreme Court has also emphasized that this exhaustion requirement mandates "proper exhaustion," which demands compliance with prison procedural rules before suit is filed in federal court pursuant to § 1997e(a). *Woodford*, 548 U.S. at 93. The requirement of proper exhaustion is intended "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524. By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citing *Booth*, 532 U.S. at 737). In addition to filtering out

potentially frivolous claims, Congress also believed that an internal review process would facilitate the efficient adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy. *Id.* (citations omitted).

While Torry may have understood the opinion and order dismissing his 10-cv-378 lawsuit as an invitation to "re-exhaust" his administrative remedy (Compl., App. (dkt. #1-2) p.14), ICE is not required to accept a late complaint. *See* Wis. Admin. Code § DOC 310.09(6) ("An inmate shall file a complaint within 14 calendar days after the occurrence giving rise to the complaint, except that the institution complaint examiner may accept a late complaint for good cause."). Torry contends in his opposition brief that his complaint was not rejected because it was untimely, rather it was rejected because it was "previously addressed." Regardless of the exact reason for rejecting the complaint, a rejected complaint cannot be exhausted. *See Richardson v. Raemisch*, No. 08-CV-200-BBC, 2008 WL 5377872, at *4 (W.D. Wis. Dec. 23, 2008) ("[A] prisoner's completion of the process for appealing a rejected complaint under this circumstance would not satisfy the exhaustion requirements for filing a federal complaint."); *Collins v. McCaughtry*, No. 04-C147-C, 2005 WL 503818, at *3 (W.D. Wis. Feb. 28, 2005) ("Because rejected claims are presumably procedurally flawed, they cannot satisfy the exhaustion requirement even if appealed.").

Given that this is Torry's second attempt to resurrect his claims, Torry should note that "[f]ailure to do what the state requires *bars, and does not just postpone*, suit under § 1983." *Pozo v. McCaughtry*, 286 F.2d 1022, 1024 (7th Cir. 2002) (emphasis added); *see*

6

*also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison's administrative authority can refuse to hear the case, and the prisoner's claim can be *indefinitely unexhausted*.") (emphasis added).

ORDER

IT IS ORDERED that:

1) defendant Sean Salter's motion to dismiss (dkt. #17) is GRANTED;

2) plaintiff's claim is DISMISSED for plaintiff's failure to exhaust his administrative remedies; and

3) the clerk of the court is directed to close this case.

Entered this 3rd day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge